Cooper *v.* Chester Railroad Co.

## COOPER *vs.* THE CHESTER RAILROAD COMPANY.

1. The eighth section of the charter of the Chester Railroad Company provides, that after the commissioners have filed their report assessing the value of land for the road, and damages, an application for an appeal shall not prevent the company from taking such land. Then follows the proviso, "that in no case whatever shall said company enter upon, or take possession of, any lands for constructing said railroad, until they shall have paid to the party or parties entitled to receive the same, the amount assessed by commissioners, if not appealed from; or, if the same is appealed from, then the amount which shall be found by the jury by whom the issue shall be tried; but in case the party entitled to receive the amount assessed (in case there shall be no appeal,) shall refuse, upon tender thereof being made, to receive the same, then the payment of the amount into the Circuit Court of the county wherein the said lands lie, shall be deemed a valid and legal payment." The complainant has appealed from the report, and filed his bill to restrain the defendants, who have taken possession and

Cooper *v*. Chester Railroad Co.

commenced work upon the land, from continuing their operations until the determination of the appeal. *Held*—that the defendants, having made a tender and deposit, according to the provisions of their charter, and having lawfully entered upon, and taken possession of the land, they could not be restrained from constructing their road.

2. The provision of the charter and of the constitution, prohibiting the taking of land without compensation first made, has no application to this case.

On rule to show cause why injunction should not issue.

*Mr. Forsyth*, in support of the rule.

*Mr. Keasbey*, contra.

THE CHANCELLOR.

The defendants located their road over the land of the complainant, in the county of Morris, had the value and damages assessed by commissioners appointed according to their charter, filed the report, tendered the amount, and, upon his refusal to accept, paid it into court, and then entered upon the land. These proceedings were alleged on the argument, and are not denied in the bill, or alleged to be defective or illegal, and if not denied by the complainant on this application, must be assumed to have been had, as alleged. Upon this, the complainant filed his appeal to the Circuit Court of the county of Morris, and gave due notice of it to the defendants, who, after this, continued in possession of the land, and continued their excavations and construction upon it. The only question is, whether by defendants' charter, the filing of the appeal suspends their right to go on with their work until the determination of the appeal, and the payment of the amount found by the jury.

The eighth section of the charter is somewhat obscure, on account of evident mistakes in the draft or copying, or in making amendments to it. It was pretty clearly intended to provide against the work being obstructed or delayed by an appeal; it expressly provides, that the application for an

appeal "shall not prevent the company from taking the said lands upon filing the aforesaid report." Yet it immediately adds, "*Provided*, that in no case whatever shall said company enter upon, or take possession of, any lands for constructing said railroad, until they shall have paid to the party or parties entitled to receive the same the amount assessed by commissioners, if not appealed from; or, if the same is appealed from, then the amount which shall be found by the jury by whom the issue shall be tried; but in case the party entitled to receive the amount assessed (in case there shall be no appeal,) shall refuse, upon tender thereof being made, to receive the same, then the payment of the amount into the Circuit Court of the county wherein the said lands lie, shall be deemed a valid and legal payment." I have left out disjointed, unintelligible sentences relating to the tender of the amount found by the jury, as having no application to this case. The provisions in case of refusal clearly apply to a refusal of the amount assessed by the commissioners; they were probably intended to apply to the amount found by the jury as well, but the deficiency—defect of expression—is so great, in connection with that, as to deprive the provision of all force in that case.

Had the tender, deposit, and entry been made after the appeal, there would be great doubt whether the strong words of the proviso would not have prevented the company from entering and taking possession until after the determination of the appeal, and payment of the amount found.

But, as it is, the entry and taking possession by the defendants at the time it was done was lawful, and this court will not interfere with their proceeding to build their road on property lawfully in their possession. The provision in the charter, as well as that in the constitution, only provides against taking or entering upon property, until compensation shall have been first made.

The injunction must be denied, and the bill dismissed.